Clara S. Melcher and Harry H. Melcher *v.* Mary E. Hill, Robert C. Hill, Paul J. Essick and Thomas R. Allen, Appellants.

*Evidence—Written instrument—Parol stipulations.*

The court will not permit parol stipulations to be introduced into a written agreement for the sale of land where it appears that the alleged parol stipulations were not omitted by any fraud, accident or mistake, and where the conveyancer who drew the agreement explained it fully to all of the parties, read it over to them and told them before its execution that no matter what was said before or after as to their understandings, this was their agreement.

Argued Jan. 11, 1900.   Appeal, No. 282, Jan. T., 1899, by defendants, from order of C. P. No. 1, Phila. Co., Sept. T., 1898, No. 440, discharging rule to open judgment.   Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ.   Affirmed.

Rule to open judgment entered on bond with warrant of attorney.

. The affidavit of Mary E. Hill and Robert C. Hill, upon which this rule was granted, alleged that on or about February 1, 1898, Harry H. Melcher, one of the plaintiffs, purporting to be the owner of four certain lots or pieces of ground on West Mt. Pleasant avenue, Germantown, in the county aforesaid, being numbered 213, 215, 217 and 219 on said avenue, agreed with Robert C. Hill, Paul J. Essick and Thomas R. Allen, three of the above-named defendants, to sell to them the aforesaid lots or pieces of ground at and for the sum of $1,800, clear of all incumbrances excepting four mortgages aggregating $9,000, the interest on which the said Harry H. Melcher agreed to pay up to March 1, 1898, as well, also, the water rent and taxes due on said four lots or pieces of ground for the year 1898, agreeing also to put said properties in a tenantable condition; that depending upon the representations of the said Harry H. Melcher, they and the other defendants entered into an agreement with him for the purchase of said lots or pieces of ground at and for the price mentioned as aforesaid, on the terms following, to wit: $250 to be paid on March 1, 1898, and the further sum of $200 on the tenth day of each and every month succeeding, until the balance on account of said purchase money was paid, at the same time executing their judgment bond for the amount; that the defendants paid on account of said agreement the sum of $250 on March 1, 1898; that Harry H. Melcher represented to them and assured them that the mortgages upon the said lots or pieces of ground were for the term of five years, and matured in July, 1901, but instead of maturing in July, 1901, they mature in July, 1899; that Harry H. Melcher, in violation of his said agreement, did not place the said properties in a tenantable condition, and the defendants were obliged to expend a large amount of money, to wit: the sum of $1,200 or thereabouts, upon the said properties in order that the same might become tenantable; that Harry H. Melcher agreed to have the mortgages aggregating $9,000, increased to $10,000, in order that the excess amount could be devoted to that purpose, but, instead of so doing, the defendants were obliged to expend the amount of money alleged above; that they discovered the deceit and false representation of the

said Harry H. Melcher in regard to the length of time for which the mortgages were to run, when they made application for a second mortgage upon said premises, and learned for the first time that the mortgages matured in 1899 instead of July, 1901; that Harry H. Melcher did not pay the taxes for 1897 upon said properties, nor the taxes for 1898, although he agreed to pay the same as well as the water rent upon said properties; that deponents were always and at all times ready and willing to perform their part of the contract with the said Harry H. Melcher, and would have done so were it not that they had discovered the deceit, fraud and misrepresentation of facts on his part; that Harry H. Melcher did not pay the interest upon the said mortgages up to the 1st day of March, 1898, but the defendants were obliged to pay the same to prevent foreclosure of the mortgages aforesaid.

Conflicting evidence was taken on the rule. The testimony of Charles Davis, Esq., who drew the agreement, was as follows: "I fully explained it to all of them, and read it over very carefully, and told the parties, as I invariably do, that no matter what was said before or after as to their understandings, this was their agreement, and they all assented. There is not a particle of doubt in my mind, as far as recollection goes, that each and every one of them understood exactly what the agreement was before they signed it."

The court discharged the rule.

*Error assigned* was the order of the court.

*John J. Clarke,* for appellants, cited Stockwell v. Webster, 160 Pa. 473; Shaffer v. Clark, 90 Pa. 94; Prowattain v. Tindall, 80 Pa. 295; Armburst v. Kennedy, 7 Kulp, 520; Kneedler's App., 92 Pa. 428; Wise's App., 99 Pa. 193; Wernet's App., 91 Pa. 319; Cake v. Pottsville Bank, 116 Pa. 270; Kostenbader v. Peters, 80 Pa. 438; Cullmans v. Lindsay, 18 W. N. C. 509; Holt v. Pie, 120 Pa. 425; Schwab v. Ginkinger, 181 Pa. 8; Ferguson v. Rafferty, 128 Pa. 337.

*William C. Gross,* for appellees, cited Collins v. Baumgardner, 52 Pa. 461; Sennett v. Johnson, 9 Pa. 335; Albert v. Ziegler, 29 Pa. 50; Russell v. Spring City Glass Works, 6 Pa. Superior Ct. 118.

PER CURIAM, January 29, 1900:

An examination of the testimony in this case fails to convince us that there was any sufficient reason for introducing the alleged parol stipulations into the written agreement as a part thereof, and we therefore sustain the action of the learned court below in refusing to open the judgment.

The order of the court below is affirmed and appeal dismissed at the cost of the appellants.